THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff, Michael A. Lionelli

| | |
|---|---|
| **MICHAEL A. LIONELLI,** | UNITED STATES DISTRICT COURT DISTRICT COURT OF NEW JERSEY TRENTON |
| Plaintiff | |
| **vs.** | Civil Action No.:       (   -   ) |
| **HAMILTON TOWNSHIP**; **JOHN DOES 6-10**  (fictitious individuals), Personnel of the Hamilton Township Police Department in supervisory capacities; **DETECTIVE GARY BURGER,** **PETER FRASCELLA** and **JOHN DOES 1-5,** (fictitious individuals)**,** members of the Hamilton Township Police Department, | **COMPLAINT** |
| Defendants. | |

## JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3).   This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. Section 1367.

1

**PARTIES**

2. Plaintiff Michael A. Lionelli, residing at 63 Valley View Road, Hamilton, NJ, 08620,is and was, at all times herein relevant, a resident of the State of New Jersey.

3. Defendants Gary Burger, Peter Frascella and/or John Does 1-5 were at all times mentioned herein duly appointed and acting police officers of the Hamilton Township Police Department and at all times herein were acting in such a capacity as the agents, servants and/or employees of Hamilton Township and were acting under the color of law.

4. Defendants John Does 6-10 were at all times mentioned herein duly appointed and acting members of the Hamilton Township Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of Hamilton Township and were acting under the color of law.

5. Defendants John Does 6-10 were acting in supervisory capacities over Defendants Burger, Frascella and/or John Does 1-5 and responsible by law for the training, supervision and conduct of Defendants Burger, Frascella and/or John Does 1-5.

6. Defendant Hamilton Township is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

7. At all times relevant hereto, Defendants Hamilton Township employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Gary Burger; Peter Frascella, and/or John Does 1-10.

8. All Defendants are named in their individual and official capacities.

2

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. On 1/17/16, Lawrence Township police officers initiated a motor vehicle stop of Plaintiff.

2. A male and female, both juveniles, were passengers in Plaintiff's vehicle.

3. Unbeknownst to Plaintiff, Lawrence Township police had initiated the motor vehicle stop based on a Hamilton Township police broadcast describing a vehicle similar in description to Plaintiff's having been involved in an armed robbery of a CVS Store in Hamilton Township.

4. Plaintiff told police that he had marijuana in his possession and Plaintiff and his passengers were ordered to stand outside of the vehicle.  A Hamilton Township police vehicle drove by Plaintiff as he stood outside of his vehicle.

5. Unbeknownst to Plaintiff, the Hamilton Township police officers were conducting a Show Up identification procedure. The CVS robbery victim was in the Hamilton Township police vehicle to determine if he could identify Plaintiff as the individual who had perpetrated the armed robbery.

6. Defendant Hamilton Township Police Officer Peter Frascella was one of the officers who participated in the robbery investigation and prepared a report on 1/17/16 relating that the CVS robbery victim "stated that he believed [Plaintiff] to be the suspect of the robbery" and that the CVS robbery victim stated that Plaintiff's "voice to be the same as the suspect."

7. The robbery victim never identified Plaintiff as the perpetrator of the robbery and never stated that Plaintiff's voice was the same as the perpetrator of the robbery.  Defendant Frascella's allegation that the witness made such an identification was pure fabrication.

8. Defendant Frascella also interviewed a female witness who related that she saw a male

3

get out of a vehicle, jump the fence leading to the CVS parking lot and return a few minutes later, yelling "Let's Go, get out of here!" and drive away. The witness never identified Plaintiff or anyone else as the individual either in the car or having jumped the fence at CVS.

9. Police searched the interior of Plaintiff's car with the exception of the trunk. No weapon was found during the search. Later, they searched the trunk as well and found no weapon.

10. Plaintiff was transported to Lawrence Township police department, charged with possession of CDS and then transported to Hamilton Township police department.

11. Hamilton Township police Defendants Detective Gary Burger and/or John Does 1-10 questioned Plaintiff's passengers, the male and female juveniles.

12. According to Defendants Burger and/or John Does 1-10, the female juvenile initially denied having anything to do with the robbery, then told them that Plaintiff had robbed the CVS.

13. Defendants Burger and/or John Does 1-10 interviewed the male juvenile passenger in Plaintiff's vehicle, who denied having any knowledge or involvement in the CVS robbery.

14. Defendants Burger and/or John Does 1-10 interviewed Plaintiff, who denied having robbed the CVS Store.

15. Plaintiff was charged with Robbery, Possession Of a Weapon for Unlawful Purpose, Unlawful Possession of a Weapon and Use of a Juvenile to Commit a Crime.

16. Defendant Frascella prepared Plaintiff's arrest report and Defendant Burger prepared an Affidavit in Support of Probable Cause.

17. Defendant Burger stated in his Affidavit that "a witness observed the Defendant and two co-defendants pull away from the scene in a vehicle."

4

18.  The witness interviewed by Defendant Frascella never observed Plaintiff or his passengers pull away from the scene in a vehicle and in fact never identified anyone as the perpetrator of the CVS robbery.

19.  The juvenile male and female passengers were charged with Complicity.

20.  Defendants Burger and/or John Does 1-10 interviewed the male juvenile a second time.  According to Defendants Burger and/or John Does 1-10, the male juvenile told them that Plaintiff had robbed the CVS Store.

21.  On 1/18/16, Defendants Burger and/or John Does 1-10 searched the CVS Store and surrounding property, during which they did not find the weapon used in the robbery.

22.  On 1/18/16, Defendants Burger and/or John Does 1-10 reviewed CVS surveillance video footage and surveillance video footage from other businesses in the area.  None of the video surveillance footage identified Plaintiff as the perpetrator of the robbery.

23.  On 1/18/16, Defendants Burger and/or John Does 1-10 interviewed the CVS robbery victim.  The robbery victim never identified Plaintiff as the perpetrator.

24.  On 1/19/16, Defendants Burger and/or John Does 1-10 interviewed the female juvenile a second time, during which she told them that she had lied about knowing anything about the CVS robbery in her previous interview.

25.  On 1/19/16, Plaintiff was transported to Mercer County Jail, where he remained until 1/28/16.

26.  On 1/19/16, Defendants Burger and/or John Does 1-10 searched Plaintiff's car, including the trunk.  The search did not locate a weapon.

27.  On 1/20/16,  Defendants Burger and/or John Does 1-10 reviewed text messages from the cell phones of the male and female juveniles, which did not implicate Plaintiff in the robbery or the juveniles' knowledge of the robbery.

28.  On 1/28/16, Plaintiff was released on bail from Mercer County Jail after making bail.

29.  On 2/4/16, Defendants Burger and/or John Does 1-10 spoke with the witness who had seen the perpetrator outside of the CVS Store (*described as having observed the Plaintiff and two co-defendants pull away from the scene in a vehicle in Defendant Burger's 1/18/16 Affidavit in Support of Probable Cause*) initially interviewed by Defendant Frascella.  She told Defendants that she refused to give a statement on what she had witnessed.

30.  On 2/10/16 and 2/17/16, Defendants Burger and/or John Does 1-10 reviewed the contents of Plaintiff's cell phone.  None of the data yielded information implicating Plaintiff in the robbery.

31.  On 2/26/16 Defendants Burger and/or John Does 1-10 forwarded Plaintiff's sneakers and photographs of footprints left at the robbery scene to the New Jersey State Police Laboratory for examination and comparison.

32.  The charges against the male and female juveniles were subsequently dismissed in Family Court. During the Family Court hearing, the juveniles claimed on the record that they had no knowledge of the CVS robbery and that they had been coerced by police into implicating themselves and the Plaintiff in the robbery.

33.  On 2/28/17, the CVS robbery victim was interviewed by an investigator retained by Plaintiff.

34.  The robbery victim related that he never identified Plaintiff as the individual who robbed him.

35.  To date, the charges against Plaintiff are pending.

**COUNT ONE**
**SECTION 1983 FABRICATION OF EVIDENCE**
**IN VIOLATION OF DUE PROCESS**

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Burger, Frascella and/or John Does 1-10 fabricated evidence against Plaintiff, violating his due process rights under the Fourteenth Amendment.

3.  Specifically, Defendants Burger, Frascella and/or John Does 1-10 prepared false reports stating that the robbery victim had identified Plaintiff as the perpetrator and that a witness saw Plaintiff at the scene of the robbery.  Also, Defendant Burger and/or John Does 1-10 coerced the juvenile co-defendants into implicating Plaintiff in the CVS robbery.

4.  As a direct and proximate cause of conduct of  Defendants set forth above, Plaintiff spent 11 days in jail; sustained emotional distress and legal expenses, and will incur additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Michael A. Lionelli demands judgment against Defendants Gary Burger, Peter Frascella and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

## COUNT TWO
## SECTION 1983 FALSE ARREST / IMPRISONMENT

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  The aforementioned acts of Defendants Burger, Frascella and/or John Does 1-10 in arresting and/or imprisoning Plaintiff was without probable cause under the Fourth and Fourteenth Amendments of the Constitution of the United States.

3.  The aforementioned acts were in violation of Plaintiff's right to be free from unreasonable seizure under the Fourth Amendment of the Constitution of the United States, and the right to be free of the deprivation of liberty under the Fourteenth Amendment of the Constitution of the Unites States, protected by 42 U.S.C. Section 1983.

4.  As a direct and proximate cause of conduct of  Defendants set forth above Plaintiff sustained emotional distress; was deprived of his constitutional rights; sustained legal expenses, and will incur additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Michael A. Lionelli demands judgment against Defendants Gary Burger, Peter Frascella and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

## SUPPLEMENTAL STATE LAW CLAIMS

### COUNT THREE
### VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  The actions of Defendants Burger, Frascella and/or John Does 1-10, set forth at length above, deprived plaintiff of his substantive due process right to be free from unlawful seizure of his person and his fundamental right to  liberty secured by the Constitution of the United States and the Constitution of the State of New  Jersey, in violation of N.J.S.A. 10:6-1, *et seq.* ("The New Jersey Civil Rights Act").

3.  As a direct and proximate result of the aforesaid acts of Defendants Burger, Frascella and/or John Does 1-10, Plaintiff was deprived of his constitutional rights as described above and will incur additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Michael A. Lionelli demands judgment against Defendants Gary Burger, Peter Frascella and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for  any such further relief as the court deems proper and  just.

### COUNT FOUR
### FALSE ARREST / IMPRISONMENT

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. At all times material and relevant herein,  Defendants Burger, Frascella and/or John Does 1-10 were acting within the scope of their authority as police officers of the Defendant Hamilton Township.

9

3.  Defendants Burger, Frascella and/or John Does 1-10 arrested and/or imprisoned Plaintiff without probable cause and was contrary to the laws of the State of New Jersey.

4. The criminal proceedings initiated by Defendants are pending.

5. Defendant's actions deprived Plaintiff of his rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of New Jersey.

6.  As a direct and proximate cause of the conduct of Defendants as set forth above, Plaintiff suffered emotional distress, incurred legal expenses associated with defending the false charges brought against him and will suffer additional special damages in the future in an amount which cannot yet be determined.

7. Plaintiff invokes the supplemental jurisdiction of this Court to hear and determine this claim.

**WHEREFORE,** Plaintiff Michael A. Lionelli demands judgment against Defendants Gary Burger; Peter Frascella; Hamilton Township, and/or John Does 1-10 on this Count, together with compensatory and punitive damages, interest and costs of suit incurred.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: January 16, 2018                     _/s/ Thomas J. Mallon, Esquire_
                                            **THOMAS J. MALLON, ESQUIRE**

10